**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEOFFREY AARON BUSSARD | : | |
| | : | |
| Appellant | : | No. 133 MDA 2024 |

Appeal from the PCRA Order Entered December 29, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001373-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEOFFREY AARON BUSSARD | : | |
| | : | |
| Appellant | : | No. 134 MDA 2024 |

Appeal from the PCRA Order Entered December 29, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002831-2019

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 22, 2024**

Geoffrey Aaron Bussard appeals from the order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

Appellant was found guilty of several sexual offenses committed against his daughter, A.B., and A.B.'s friend, V.N., over multiple years when the victims were under the age of thirteen.  The trial court tried the cases together

before a jury, and Appellant was represented by Attorney Christopher P. Lyden ("trial counsel"). The Commonwealth presented multiple witnesses, including Mustafa Kaleem, Ph.D., V.N's grandmother, the victims, friends of the victims, the student accountant and registrar at V.N.'s school, and V.N.'s stepfather. The Commonwealth also showed the jury recorded interviews of Appellant. The defense presented a total of two witnesses, A.B.'s mother and V.N.'s mother. The relevant testimony as to this appeal is as follows.

Dr. Kaleem, a psychologist at the Roxbury Treatment Center, testified that he treated V.N. and she disclosed she had been sexually abused, but did not identify her abuser. Trial counsel objected to Dr. Kaleem's testimony on hearsay grounds, and the trial court gave a limiting instruction to the jury to only consider this testimony for timeline purposes and not for its content.

The Commonwealth then presented V.N.'s grandmother, who attested that V.N. had written a letter to a friend during her time at the Roxbury Treatment Center. The grandmother was only to deliver the letter, but she was concerned about V.N. and read it. At trial, she disclosed part of this letter, which stated that some doctors asked V.N. about Appellant. Again, trial counsel objected on hearsay grounds, and the court gave a similar limiting instruction to the jury.

In their testimony, the victims recounted several instances of sexual abuse perpetuated by Appellant with vivid detail, including the design of bedsheets, positioning of their bodies on furniture, and Appellant's nickname

for his ejaculate. In one instance recounted by V.N., Appellant was to take her and A.B to their respective schools. V.N's school was close to Appellant's home, but Appellant dropped A.B. off first at her school, which was much farther away. Instead of taking V.N. to school, Appellant brought her to his house and showed her a video of child pornography. Appellant took V.N. to school later that morning, and she went home shortly thereafter because she was sick.

The student registrar at V.N.'s school told the jury that attendance records reflected the timeline of this instance. V.N.'s stepfather established that he picked V.N. up from school on this day and did not know that she arrived late under Appellant's care, prompting both him and V.N.'s mother to be concerned. Friends of the victims testified that the victims disclosed the sexual abuse to them at various times.

During closing arguments, the Commonwealth argued that the victims' testimony was credible because it was consistent. It also urged the jury to "think about all of the things that you've heard in this trial that corroborated what [the victims] said." N.T. Trial, 10/21/19, at 416. The Commonwealth then listed the corroborating evidence such as V.N.'s letter, V.N.'s disclosure to Dr. Kaleem, the victims' disclosures to their friends, V.N.'s school attendance records, and the testimony of V.N.'s stepfather.

After the jury convicted Appellant of all counts as to each victim, the trial court sentenced Appellant to twenty-nine and a half to sixty-three years

of imprisonment. Trial counsel represented Appellant in a direct appeal, where this Court affirmed the judgment of sentence and the Supreme Court denied allowance of appeal. *See Commonwealth v. Bussard*, 245 A.3d 1094 (Pa.Super. 2020) (non-precedential decision), *appeal denied*, 245 A.3d 1094 (Pa. 2021).

Appellant timely filed a *pro se* PCRA petition. Appointed counsel filed an amended petition asserting, *inter alia*, trial counsel's ineffectiveness in failing to object to various testimony as prior consistent statements. The PCRA court held an evidentiary hearing and thereafter issued an opinion and order denying Appellant's petition. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement, and the court issued a responsive Rule 1925(a) order referring this Court to its previous opinion and order.

Appellant raises the following for our consideration:

I. Was [Appellant] entitled to postconviction relief when his trial counsel failed to:

a. object to the Commonwealth's evidence that improperly bolstered the victims' credibility, trial counsel lacked a reasonable basis for his failure, and that failure rendered the verdict unreliable; and

b. object to the trial prosecutor's closing argument that improperly bolstered the victims' credibility, trial counsel lacked a reasonable basis for his failure, and that error rendered the verdict unreliable?

Appellant's brief at 4.

Initially, we note that this Court "review[s] an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are

supported by the record and are free from legal error." ***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). Further, "[w]e review the record in the light most favorable to the prevailing party below and are bound by the PCRA court's findings of fact and credibility determinations; we cannot disturb either unless they are unsupported by the record." ***Commonwealth v. Alceus***, 315 A.3d 853, 859 (Pa.Super. 2024).

To prevail on his claim that trial counsel provided ineffective assistance, Appellant must overcome the presumption of effectiveness by establishing the following three-part test by a preponderance of the evidence: "(1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) petitioner suffered prejudice as a result of counsel's action or inaction." ***Commonwealth v. Hairston***, 249 A.3d 1046, 1061 (Pa. 2021). All elements must be satisfied, and we need not analyze them in any particular order. ***See Commonwealth v. Prater***, 256 A.3d 1274, 1282 (Pa.Super. 2021).

The PCRA court found that Appellant established the arguable merit and lack of reasonable basis prongs as to both claims, but he failed to suffer prejudice because of the overwhelming evidence against him. In order to satisfy the prejudice prong of an ineffective assistance claim, "a[n appellant] must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction." ***Commonwealth v. Drummond***, 285 A.3d 625, 634 (Pa. 2022).

We also observe that "[a] trial court may remove taint through curative instructions." ***Commonwealth v. Caldwell***, 117 A.3d 763, 774 (Pa.Super. 2015) (*en banc*).

Appellant argues that trial counsel was ineffective because he did not object to the following evidence as prior consistent statements: Dr. Kaleem's testimony that V.N. told him that she was sexually abused; the contents of V.N.'s letter that V.N.'s grandmother read; and the testimony of the victims' friends that the victims disclosed the abuse. ***See*** Appellant's brief at 6-8. Appellant claims that the trial court's limiting instruction with regard to Dr. Kaleem's testimony and the contents of V.N.'s letter, which trial counsel objected to on hearsay grounds, did not instruct the jury not to consider this evidence for credibility purposes. Appellant similarly argues that trial counsel erred in not objecting to the portion of the Commonwealth's closing argument that the jury should consider the corroborating evidence presented in this matter as consistent. The crux of both contentions is that the PCRA court erred in finding the evidence so overwhelming that there is no reasonable probability that the outcome of the trial would have been different.

Pa.R.E. 613(c) governs the rule for prior consistent statements. Under the Rule, "[e]vidence of a witness's prior consistent statement is admissible to rehabilitate the witness when the statement is offered to rebut a charge of recent fabrication, bias, or improper motive." ***Commonwealth v. Busanet***, 54 A.3d 35, 53 (Pa. 2012). Additionally, even when admissible, "[t]he prior

consistent statement is received only for rehabilitation and not as substantive evidence." ***Commonwealth v. Perez***, 103 A.3d 344, 352 (Pa.Super. 2014).

Appellant cites ***Commonwealth v. Weiss***, 606 A.2d 439 (Pa. 1992), for the proposition that "[i]f the Commonwealth's case rests solely on the credibility of a victim, even if her testimony is corroborated, the evidence is not overwhelming." Appellant's brief at 29. However, his reliance upon our High Court's holding in ***Weiss*** is misplaced.

Weiss was convicted of various sexual offenses resulting from an allegation that he "inserted his finger and his penis into [his daughter's] vagina, put Cheerios into her vagina, and cut her vaginal area with a plastic knife." ***Weiss***, 606 A.2d at 441. The victim's mother, who was estranged from the father and was in the midst of a bitter custody battle, discovered the cut. At trial, Weiss, his two roommates, and the children of the roommates testified. The defense did not present character witnesses. At his PCRA hearing, Weiss presented various character witnesses who would have testified to his good character and against the mother's bad character.

Our Supreme Court concluded that the defense attorney's failure to present character witnesses constituted ineffective assistance, stating "where there are only two direct witnesses involved, credibility of the witness is of paramount importance, and character evidence is critical to the jury's determination of credibility." ***Id***. at 442. The High Court explained that the defense attorney's strategy focused "on the fact that it may have been [the

defendant's] wife . . . who set the whole thing up." ***Id***. (cleaned up). It further explained that where

> the defense did not attempt to refute the physical findings, the evidence regarding the perpetrator boiled down to [Weiss's] word against the word of his wife and daughter. The only issue then, was whether [Weiss] or someone else was responsible for what happened. Considering there was no overwhelming evidence of guilt in this case, credibility of the witnesses was of paramount importance, and counsel's error not to employ character witnesses, familial or otherwise, undermined [Weiss's] chances of instilling reasonable doubt in the minds of the jury and resulted in prejudice to [Weiss].

***Id***. at 443.

Clearly, ***Weiss*** does not stand for the proposition that evidence can never be considered overwhelming where it rests upon the credibility of victims. Rather, the High Court concluded that the failure to present character witnesses in a he said/she said dispute was of paramount importance. Specifically, the defense attorney's strategy was to show that the wife had staged the abuse, which relies upon credibility of Weiss and the daughter who were the only two witnesses to the abuse, and the attorney did not present any character witnesses. The abuse was also a one-time occurrence. Under those circumstances, the evidence against ***Weiss*** was not overwhelming.

Here, unlike in ***Weiss***, Appellant concedes that the Commonwealth's case against him was "sufficient to convict him," and that "[t]he Commonwealth corroborated some aspects of the victims' testimony." Appellant's brief at 29-30. He provides examples of corroboration outside the challenged evidence, including school attendance records and testimony from

- 8 -

V.N.'s parents. *Id*. at 30. The trial court also provided a limiting instruction as to Dr. Kaleem's testimony and V.N.'s testimony to consider that evidence only for timeline purposes and not as substantive evidence. Trial counsel testified that his strategy related to the length of time that lapsed between the sexual abuse and the victims' reporting of the abuse. Further, Appellant does not challenge the lack of character witnesses in this matter. Accordingly, *Weiss* is not on point.

Based on our review of the certified record, the PCRA court did not err in concluding that "the substantial and credible weight of evidence against [Appellant], corroborated by other witnesses removed from the prior consistent statements in question, . . . far outweigh any prejudice impugned against [Appellant] because of trial counsel's failure to object." PCRA Opinion, 12/29/23, at 12. In other words, Appellant has not demonstrated that there is a reasonable probability that but for trial counsel's failure to object, the jury would not have found him guilty. Thus, Appellant has not established that he has been prejudiced.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/22/2024